# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PAUL L. WILLIAMS,<br>  Petitioner,<br><br>vs.<br><br>WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>  Respondent. | Case No. 1:11-cv-448<br><br>Dlott, J.<br>Bowman, M.J.<br><br>**REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution in Chillicothe, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 3). This matter is before the Court on respondent's motion to dismiss filed September 9, 2011, and petitioner's response in opposition to the motion. (Docs. 6, 7).

## I. PROCEDURAL HISTORY

### State Trial Proceedings And Motion For New Trial

On March 14, 2007, the Lawrence County, Ohio, grand jury returned a "Secret Indictment" charging petitioner with one count of "Complicity to Trafficking in (Crack) Cocaine" in violation of Ohio Rev. Code §§ 2923.03(A)(2)(f) and 2925.03(A)(1)(C)(4)(d). (Doc. 6, Ex. 1). The matter proceeded to trial before a jury, which found petitioner guilty as charged. On October 31, 2007, the trial court sentenced petitioner to a seven (7) year term of imprisonment and ordered him to pay a $10,000 fine. (Doc. 6, Ex. 5).

On January 28, 2008, nearly three months after he was sentenced, petitioner filed a motion with the assistance of new counsel requesting permission to file a motion for new trial "more than 14 days after the original verdict was rendered." (Doc. 6, Ex. 15). The trial court granted petitioner's request. (Doc. 6, Ex. 16). In the motion for new trial that was subsequently filed on petitioner's behalf, counsel argued that a new trial was warranted because "the guilty

verdict returned by the jury was against the manifest weight of the evidence and was otherwise contrary to law." (Doc. 6, Ex. 17). Following a hearing, the trial court overruled the motion for new trial and issued a final appealable order on April 4, 2008, reflecting its ruling on the motion. (Doc. 6, Ex. 19). Petitioner did not pursue an appeal from the denial of his new trial motion in the state courts.

## Delayed Appeal - Ohio Court Of Appeals

Petitioner also did not perfect a timely appeal to the Ohio Court of Appeals from the judgment entry of conviction and sentence filed on October 31, 2007. However, on January 25, 2008, three days before his appointed counsel filed the motion requesting permission to file a motion for new trial, petitioner filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Court of Appeals, Fourth Appellate District. (Doc. 6, Exs. 6-7). Although the state appellate court initially denied petitioner's motion for delayed appeal, the court granted petitioner's request on reconsideration and appointed new counsel from the Ohio Public Defender's Office to represent petitioner in the appeal. (*See* Doc. 6, Exs. 8-10). In the appellate brief filed on petitioner's behalf by counsel, petitioner asserted four assignments of error:

> 1. A criminal defendant is denied a fair trial when the State is permitted to introduce a police interview in which the defendant admits to other acts not at issue in the indictment.
>
> 2. Trial counsel provided ineffective assistance . . . when he failed to object to the police interview being played for the jury.
>
> 3. The trial court committed plain error by ordering Mr. Williams to pay a $10,000 fine without considering his present and future ability to pay, as required by R.C. 2929.19(B)(6).
>
> 4. Trial counsel provided ineffective assistance . . . when, prior to sentencing,

2

trial counsel failed to file an Affidavit of Indigency on Mr. Williams' behalf.
(Doc. 6, Ex. 11).

On February 10, 2009, the Ohio Court of Appeals overruled the first three assignments of error, but sustained the fourth assignment of error and remanded the matter to the trial court "so that Williams may file an affidavit of indigency as to the imposition of the mandatory fine, and the trial court may determine whether he is an indigent person and is unable to pay the fine." (Doc. 6, Ex. 14, p. 11).

### Re-sentencing Proceeding

A re-sentencing hearing was held on March 4, 2009, in accordance with the Ohio Court of Appeals' remand order. (*See* Doc. 6, Ex. 20). On March 12, 2009, the court entered a final appealable order re-sentencing petitioner to the same seven-year term of imprisonment; however, because petitioner had filed an affidavit of indigence, no fine was imposed. (*Id.*). Petitioner did not pursue an appeal from the re-sentencing decision in the state courts.

### Motion For Delayed Appeal - Ohio Supreme Court

Petitioner took no further action to challenge his conviction or sentence in the state courts until May 14, 2010, when he filed a *pro se* notice of appeal and motion for leave to file a delayed appeal with the Ohio Supreme Court from the portion of the Ohio Court of Appeals' February 10, 2009 appeal decision affirming his conviction. (*See* Doc. 6, Exs. 21, 22). In his memorandum in support of the delayed appeal motion, petitioner alleged as cause for his untimely filing that he was returned to the Lawrence County Common Pleas Court for re-sentencing while "[i]n the middle of preparing this Appeal;" he did "not have access to his legal work []or any legal materials and resources to continue his research to prepare this Appeal,

within the 45 day time limitation;" he "is not an attorney and lack[s] the required skill to properly prepare and litigate this Appeal;" and he had made "every effort" to have his appeal filed "as soon as possible." (Doc. 6, Ex. 22, "Memorandum In Support"). Petitioner specifically claimed that he attempted to file an appeal with the Ohio Supreme Court in April 2009, but that the pleadings received by the court clerk on April 13, 2009, were returned to him because he had "accidentally omitted" the appellate court decision being appealed; petitioner further averred that although he resubmitted the pleadings with the required attachment for filing "[o]n the same date," he was informed that the court had "no record of the filing" when he wrote to the clerk on October 26, 2009, requesting information about "the status of the filing." (*Id.*).

On June 23, 2010, the Ohio Supreme Court denied petitioner's motion for a delayed appeal and dismissed the appeal without opinion. (Doc. 6, Ex. 23).

## Federal Habeas Corpus

The instant habeas corpus action officially commenced on July 5, 2011, with the filing of petitioner's motion for leave to proceed *in forma pauperis*. (*See* Doc. 1). However, for statute of limitations purposes, the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing to the Court. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Although petitioner states in the petition that he placed the pleading "in the prison mailing system" for delivery to the Court on June 17, 2011, the earliest date he could have done so was June 20, 2011, the date given by both petitioner and the prison cashier for their completion and execution of the *in forma pauperis* application, which was mailed together with the petition for delivery to

4

this Court.  (*See* Doc. 3, p. 16; *see also* Doc. 1).  Therefore, it appears that the earliest possible date that the petition was "filed" for statute of limitations purposes was June 20, 2011.

In the petition, petitioner alleges the following grounds for relief; both claims were previously asserted by petitioner as assignments of error in the delayed appeal to the Ohio Court of Appeals:

> 1.  A criminal defendant is denied a fair trial when the State is permitted to introduce a police interview in which the defendant admits to other acts not at issue in the indictment.
>
> 2.  Trial Counsel provided ineffective assistance of Counsel . . . when he failed to object to the Police interview being played for the jury.

(Doc. 3, pp. 6, 8).

Respondent has filed a motion to dismiss the petition.  (Doc. 6).  Respondent contends that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d).  (Doc. 6, Brief, pp. 7-8).  Respondent also alternatively contends that petitioner's claims are barred from review because they were procedurally defaulted by petitioner in the state courts.  (Doc. 6, Brief, pp. 8-12).  Petitioner opposes respondent's motion to dismiss.  (Doc. 7).

## II.  RESPONDENT'S MOTION TO DISMISS (DOC. 6) SHOULD BE GRANTED BECAUSE THE PETITION IS TIME-BARRED

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, as respondent has argued, the limitations provision contained in 28 U.S.C. § 2244(d)(1)(A) governs petitioner's grounds for relief. The limitations period in § 2244(d)(1)(D) does not apply here because it is clear from the record that the facts underlying petitioner's claims were known by him, and indeed were asserted by him as assignments of error on appeal to the Ohio Court of Appeals, before his conviction became final. (*See* Doc. 6, Ex. 11). Moreover, neither § 2244(d)(1)(B) nor § 2244(d)(1)(C) apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing.

Under § 2244(d)(1)(A), the statute of limitations began to run on April 13, 2009, when petitioner's conviction became final by the expiration of the 30-day period for filing an appeal as

of right to the Ohio Court of Appeals from the trial court's March 12, 2009 final re-sentencing entry.[1] *See* Ohio R. App. P. 4(A); *see also Rashad v. Lafler,* 675 F.3d 564, 567-69 (6th Cir. 2012) (distinguishing *Bachman v. Bagley,* 487 F.3d 979 (6th Cir. 2007), and relying on the Supreme Court's decision in *Burton v. Stewart*, 549 U.S. 147, 156-57 (2007) (per curiam), in holding that, even though the petitioner did not raise any claims in his habeas petition challenging his new sentence on re-sentencing, his conviction did not become final within the meaning of 28 U.S.C. § 2244(d)(1)(A) until direct review of the state court's re-sentencing decision was completed). Petitioner's unsuccessful motion filed May 14, 2010 for leave to file a delayed appeal to the Ohio Supreme Court did not restart the running of the statute under § 2244(d)(1)(A), but rather could only serve under 28 U.S.C. § 2244(d)(2) to toll any unexpired limitations period. *See, e.g., Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Stevenson v. Howes,* 407 F. App'x 881, 884 (6th Cir. 2011); *Cleveland v. Bradshaw,* 760 F. Supp.2d 751, 768 (N.D. Ohio 2011).[2] Therefore, the statute of limitations commenced running on April 14, 2009, one day after the 30-day period for appealing the trial court's re-sentencing decision ended. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). The statute of limitations expired one year later on April 14, 2010, absent application of statutory or

---

[1]The appeal period actually ended on Saturday April 11, 2009. The Court assumes in petitioner's favor that the expiration date fell on the next business day, which was Monday April 13, 2009.

[2]*Cf. Little v. Warden, Warren Corr. Inst.*, No. 1:10cv468, 2011 WL 2358565, at *4 n.2 (S.D. Ohio May 16, 2011) (Litkovitz, M.J.) (Report & Recommendation) (noting that although the Supreme Court held in *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009), that the *granting* of a delayed appeal motion restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A), a delayed appeal motion that is *denied* does not restart the limitations period), *adopted,* 2011 WL 2293316 (S.D. Ohio June 9, 2011) (Bertelsman, J.). *See generally Gonzalez v. Thaler*, __ U.S. __, 132 S.Ct. 641, 653-54 (2012) (distinguishing *Jimenez*, where the Court adopted "the out-of-time appeal's date of finality over the initial appeal's date of finality," in holding that the petitioner's state conviction became final under § 2244(d)(1)(A) "when his time for seeking review with the State's highest court expired").

equitable tolling principles.

During the one-year limitations period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* _ U.S. _, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.* Here, after petitioner was re-sentenced in March 2009, he took no further action in the state courts to challenge his conviction or sentence until he filed his motion for delayed appeal to the Ohio Supreme Court in May 2010, a month after the statute of limitations had run its course. Therefore, statutory tolling is unavailable to extend the limitations period in this case.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also*

8

*Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir.), *cert. denied,* 132 S.Ct. 456 (2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. First, and most importantly, petitioner has not shown that he has been diligent in pursuing his rights. Petitioner argued in support of his delayed appeal motion to the Ohio Supreme Court that he had been diligent in pursuing an appeal, but that he was impeded in his attempts, first, by the clerk's refusal to accept his initial timely submissions due to his non-compliance with a rule requiring the inclusion of the lower court's decision, and second, by his mistaken belief that the pleadings he re-submitted to the state supreme court had been filed. (See Doc. 6, Ex. 22, "Memorandum In Support"). However, petitioner has not provided any explanation for his delay of over six months in seeking a delayed appeal with the Ohio Supreme Court after the clerk's office purportedly responded to an inquiry he made on October 26, 2009, informing him that the court had "no record of the filing." (*See id.*). Petitioner has posited a new argument in his response filed October 7, 2011 to respondent's motion to dismiss, arguing for the first time that he "knew nothing about filing an Appeal to the Ohio Supreme Court" and "was never told that he had to appeal the issues that were affirmed to the Supreme Court of Ohio," and "immediately" began to

9

prepare his delayed appeal motion to the state supreme court when he "became aware of this problem." (Doc. 7). Petitioner's most recent assertions are belied by his previous arguments made in support of his delayed appeal motion to the Ohio Supreme Court. In any event, petitioner's lengthy delay in filing the instant action, over two years after he was re-sentenced in March 2009 and nearly a year after the Ohio Supreme Court issued its final ruling on June 23, 2010 denying petitioner's motion for delayed appeal, in and of itself conclusively demonstrates that petitioner has not acted with the degree of diligence necessary to trigger equitable tolling concerns.

Second, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking relief in a more timely manner. Petitioner's *pro se* status and lack of legal expertise does not constitute an "extraordinary circumstance" that would justify excusing the statute-of-limitations bar to review. *Cf. Hall*, 662 F.3d at 751-52; *see also Johnson v. United States,* 544 U.S. 295, 311 (2005) (in a case where the defendant defended his delay in challenging a state conviction on the basis of his *pro se* status and lack of "sophistication" in understanding legal procedures, the Court stated: "[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Moreover, petitioner is unable to prevail on any claim that the time-bar should be excused because he was prevented from seeking relief in a more timely manner given that he was returned to the trial court for re-sentencing and thus could not prepare and file a timely appeal with the Ohio Supreme Court within 45 days of the intermediate appellate court's decision. Again, petitioner's assertion is belied by other assertions he has made regarding his initial attempt to file a timely appeal with the Ohio

Supreme Court in April 2009.  In any event, even assuming, *arguendo*, that petitioner was impeded in his ability to file a timely appeal with the state supreme court in 2009, he has not demonstrated that he was prevented by any extraordinary circumstance from filing a timely federal habeas petition by the deadline date of May 14, 2010, or even in a more timely fashion than when he ultimately initiated this action over a year later in June 2011.

Accordingly, in sum, the undersigned concludes that the applicable statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) commenced running on April 14, 2009 and expired one year later on April 14, 2010.  Neither statutory nor equitable tolling principles apply to extend the limitations period in this case.  The instant petition filed in June 2011, well over a year after the statute of limitations had run its course, is time-barred.  Therefore, respondent's motion to dismiss (Doc. 6) should be **GRANTED**, and petitioner's federal habeas corpus petition (Doc. 3) should be **DISMISSED** with prejudice.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 6) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C.  § 2254 (Doc. 3) be **DISMISSED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue with respect to any claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is

correct in its procedural ruling.[3]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                            *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge

---

[3]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAUL L. WILLIAMS,
    Petitioner,

vs

WARDEN, CHILLICOTHE CORRECTIONAL
INSTITUTION,
    Respondent.

Case No. 1:11-cv-448

Dlott, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc